IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VEGA,

    Plaintiff,                          No. 2:13-cv-1337 EFB P

vs.

MATTHEW CATE, et al.,

                                  ORDER

    Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]

      To proceed with a civil action a plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis. The court finds that this action must be dismissed because plaintiff has neither paid the filing fee, nor demonstrated that he is eligible to proceed *in forma pauperis*.

      A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Vega v. Acameida*, No. 2:02-cv-1976-MCE-DAD (E.D. Cal. Mar. 5, 2003) (order dismissing action for failure to state a claim); *Vega v. Acameida*, 2:02-cv-1978-GEB-GGH (E.D. Cal. Apr. 23, 2004) (order adopting Feb. 25, 2004 recommendation of dismissal based on plaintiff's failure to state a claim); and (3) *Vega v. Cate*, No. 2:11-cv-3271-GEB-KJN (E.D. Cal. Mar. 11, 2013) (order adopting Nov. 9, 2012 recommendation of dismissal based on plaintiff's failure to state a claim).

Further, plaintiff was not under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). In the complaint, plaintiff seeks damages for an alleged deprivation of property. ECF No. 1. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, it is hereby ORDERED that this action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee and all outstanding motions are denied. *See* 28 U.S.C. §§ 1914(a), 1915(g).

Dated: July 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE